# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | Case No. 1:17-cr-00220-TSC |
| **LaFONDA MOORE-TERRY,** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OPINION AND ORDER

Defendant was arrested on November 10, 2017, and charged by complaint with one count of bank robbery, in violation of 18 U.S.C. § 2113. She made her initial appearance before the undersigned on November 13, 2017, at which time the government moved to temporarily detain Defendant and for an initial mental competency screening by a psychologist associated with the District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch ("DBH"). The undersigned ordered Defendant to undergo such an evaluation. On November 14, 2017, Defendant was indicted on one count of bank robbery under 18 U.S.C. § 2113. When Defendant appeared for her arraignment on November 21, 2017, the undersigned found, based on the initial competency screening report prepared by the DBH psychologist, that there was reasonable cause to believe that a full mental competency evaluation of Defendant was warranted. Accordingly, on Defendant's motion, the Court stayed the arraignment and thereafter ordered that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days for placement in a suitable facility for a competency evaluation, pursuant to the provisions of 18 U.S.C. §§ 4241, 4247(b) and (c), and Local Criminal Rule 57.l 7(a)(14). [Dkt. 6]. Further, at that proceeding

Defendant conceded pretrial detention and waived her right to written findings of fact and conclusions of law.

On December 5, 2017, Defendant arrived at the Federal Medical Center, Carswell ("FMC Carswell") for the evaluation. On December 20, 2017, the facility requested an extension of 15 days to formulate a more thorough diagnostic impression and opinion as to Defendant's competency to stand trial, which was granted. [Dkt. 11]. A competency hearing was ultimately scheduled for February 8, 2018.

On January 30, 2018, the Court received the forensic evaluation of Defendant from a forensic psychologist at FMC Carswell concluding that Defendant "is not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her, to assist properly in her own defense, or to understand the consequences of pleading guilty to the charges against her." Forensic Evaluation at 7–8. The report found that Defendant had begun taking antipsychotic medication just prior to her initial competency screening "and conveyed notable symptom improvement since that time." *Id.* at 4. Moreover, she has continued to be compliant with her medication regimen since that time. *Id.* Defendant attended and cooperated in all evaluation sessions and "easily built rapport" with the evaluator. *Id.* Her responses to the evaluator's questions were relevant and her thoughts were logical and future-oriented. *Id.* Her speech was clear and intelligent. Moreover, during her stay at FMC Carswell she effectively managed her own phone and commissary accounts, sought medical assistance when needed, and maintained appropriate personal hygiene without assistance. *Id.*

The evaluator administered a standardized interview designed to assess a Defendant's competency to stand trial known as the Evaluation of Competency to Stand Trial–Revised, or ECST-R. *Id.* During this interview, Defendant was able to speak about the circumstances

surrounding her arrest with little difficulty. *Id.* at 6. She displayed good factual knowledge of courtroom procedures and appropriate courtroom demeanor. *Id.* She understood the roles of judges, prosecutors, and defense attorneys, and described her relationship with her attorney in positive terms. *Id.* In addition, she displayed an understanding of the difference between pleading guilty and pleading not guilty. *Id.*

Based on this evidence, the Forensic Evaluation finds that "[w]ith regard to her competency to stand trial, [Defendant's] prognosis is good, so long as she maintains adherence to her prescribed . . . medication." *Id.* at 7. It further concludes that Defendant "has demonstrated the ability to retain legal and Court concepts and apply these concepts to her case in a rational manner" and has "displayed no psychological deficit that would prevent her from assisting her attorney in her defense." *Id.*

A competency hearing was held on February 8, 2018, as required by 18 U.S.C. §§ 4241(c) and 4247(d). At that hearing, neither Defendant's counsel nor the government objected to the findings and conclusions of the Forensic Evaluation. Accordingly, for the reasons stated on the record at the hearing and in this Order, it is hereby

**ORDERED** that upon consideration of the entire record herein, the undersigned finds by a preponderance of the evidence that Defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**SO ORDERED.**

Date: February 9, 2018

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE